# Charleston.

## HENLEY *v.* MENEFEE.

### Decided May 2, 1877.

1877.
January Term.

In a chancery suit, H. and M. agree to refer "all matters of difference between them, involved in said suit to the arbitrament and award of C. and P., and an umpire to be selected by them, and that the award of said arbitrators and umpire, or any two of them, shall be made final and entered as the decree of the court in the suit; *provided*, that if the award shall not be made on or before October 1, 1872, the agreement shall become inoperative and void.

The arbitrators selected an umpire, who with C., agreed on an award, and returned it, P. dissenting. Afterwards, C. and the umpire discovered a mistake they had made by failing to deduct a certain item from the credits on the books, in favor of M., and having made affidavit of the fact, and stating that they would have made a different award if the mistake had not been made, and that the mistake was clearly against their intention, and asked the court to recommit to them for correction. HELD:

1. That the court, under the circumstances, the mistake being clerical, did not err in recommitting the award for correction.

2. That the award, as corrected, is not a new award, but must be considered as simply a mere correction of the award returned.

3. That although the correction was made and returned after the first day of October, 1872, it was not for that to be considered null and void.

4. In entering the decree, the name of T. K. Menefee is used, instead of T. K. Menefee & Co.. held to be a clerical error, as it appears by a portion of the decree, which may be corrected.

An appeal from a decree of the circuit court of Greenbrier county, rendered on the 15th day of November, 1873, in a cause in chancery then pending in said court, in which C. W. Henley, was plaintiff, and Thomas K. Menefee, was defendant.

The appeal was granted upon the petition of the defendant, Menefee.

Hon. Homer A. Holt, Judge of the eighth judicial circuit, rendered the decree appealed from.

MOORE, JUDGE, who delivered the opinion of the Court, sufficiently states the case.

*A. C. Snyder,* for appellant:

When an award does not determine all matters submitted, it is void.

*Paine v. Paine,* 15 Gray, 299 ; Morse on Arb., 384–5 ; *Bhear v. Harradine,* 7 Exch., 269 ; *Swann v. Deem,* 4 W. Va., 368 ; Russell on Arb., (3 Ed.), 258 ; *Bowes v. Fernie,* 4 M. & Cr., 150.

An award must be, in itself, a complete adjustment of the matters submitted.

*Curnochan v. Christie,* 11 Wheat., 466 ; *Canthorn v. Courtney,* 6 Gratt., 381 ; *Fletcher v. Webster,* 5 Allen, 566 ; *Stanley v. Southwood,* 45 Pa. St., 189 ; *Turpin v. Banton,* Hardin (Ky.), 312 ; *Sheppard v. Styles,* 7 N. J., 2, (2 Halst.), 90 ; *Abert v. Abert,* 5 Md., 353 ; *Crabtree v. Green,* 8 Ga., 8 ; *Brown v. Hankerson*‘ 3 Cowen, 70 ; *Thomas v. Mollier,* 3 Ohio, 266.

An award when, there are no errors apparent upon its face, cannot be recommitted for correction.

Morse on Arb., 453, 293, 294, 295, 296, 322; *Sawyer v. Freeman,* 35 Me., 542 ; *Boring v. Boring,* 2 W. Va., 297 ; *Head v. Muir,* 3 Rand., 122, 135 ; *Basset v. Cunningham,* 9 Gratt., 688 ; *Phillips v. Evans,* 12 M. & W., 309 ; *Irvine v. Elnow,* 8 East., 52.

The statute which authorizes an award to be set aside, does not authorize it to be re-committed.

Morse on Arb., 333; *Cleveland v. Dixon*, 4 J. J. Marsh.; 226; *Eaton v. Eaton*, 8 Ired. Eq., 102.

When submission *en pais*, limits the time in which arbitrators are to act, no award can be made after the time named.

*Call v. Call*, 3 Conn., 308; *Smith v. Spencer*, 1 McCord Ch., 92.

The power of arbitrators is exhausted when once they have determined the matters submitted.

*Bayne v. Morris*, 1 Wall., 97; *Fitzgerald v. Fitzgerald*, Hard., (Ky.) 227; Morse on Arb., 226, 227, 229; *Pe - ton v. Caird*, 7 Ired. Eq., 255.

If it was proper in this case for the court to recommit the award, it could only have been done on the application of all the arbitrators.

12 M. & W., 309; Morse on Arb., 229; *Davis v. Maxwell*, 27 Ga., 368; *Tobey v. County*, 3 Story, 800; *Allen v. Watson*, 16 Johns., 205.

The amended award is void.

1st. Because made only by one arbitrator and the umpire, it is not signed by the other arbitrator, and it does not appear that he was present when it was made.

Morse on Arb., 159, 160, 226; *Cumberland v. North Yarmouth*, 4 Greenl., 459; *Lansdale v. Kendall*, 4 Dana, 614.

2d. Because it does not correspond with the affidavit and order of recommittal.

*Day v. Laflin*, 6 Metc., 280; *Schuyler v. Van Der Veer*, 2 Caines, 235; Russell on Arb., 276; 63 Law Library.

The decree is not warranted by either award, an award must either be entered as the judgment of the court, or refused. *Carnochan v. Christie*, 11 Wheat., 446, 466; *Stevenson v. Walker*, 5 W. Va., 427, 431.

The award should be set aside for errors apparent upon its face. *Paine v. Paine*, 15 Gray, 299; Morse on Arb., 386; *Simmons v. Swaine*, 1 Taunt., 548.

1877.
January Term.

Henley
v.
Menefee.

*A. N. Campbell,* for appellee.

The recommittal to the arbitrators for correction, upon the affidavit of the arbitrator and umpire who made the award, was proper. Morse on Arb., 322, 323, 317, 318, 319, and particularly case of *Kline v. Catara,* 2 Gal. there cited; also Morse on Arb., 326, 327, 329, 330, 333, 334, and cases there cited.

The rule to show cause was sufficient notice. Code W. Va., ch. 114, §11; Acts 1872–3, p. 10, sec. 10; 1 Gratt., 1.

The submission being in a pending case, the defendant having appeared to the rule, and excepted to the award, it will be implied that the submission was to be made a rule of court, and to be governed by the provisions of Code, ch. 108, §1, 2, 3. Morse on Arb., p. 80, and cases there cited.

For power of court to recommit for correction of mistakes. See Morse on Arb., 317, 318, 330, 333, 334, 335; *Stevenson v. Walker,* 5 W. Va., 527; 7 Mass., 399; *Kline v. Catara,* 2 Gallison, 61; *In re* Hall and Hinds, 2 Man and Granger, 877; 2 Story's Eq. Jur. §1456; *Port v. Sweet,* 10 Serg. and R., 391.

The re-committal was merely to correct a mistake. Morse on Arb., 326, 327, 325, 333.

It is not necessary that the arbitrators should have awarded a dissolution of the partnership and have divided the assets. Morse on Arb., 190, 191, 192.

The award is within the submission and is certain. Morse on Arb., 362, 363, 411, 412; 21 Gratt., 78.

It will be presumed that the arbitrators were all present and consented to the award until the contrary is proved. Morse on Arb., 161, 162.

Arbitrators need not report the evidence. Morse on Arb., 141.

Everything is presumed in favor of an award. Morse on Arb., 179, 180, 446, 447; 25 Gratt., 95; *Bassett v. Cunningham's adm'r,* 9 Gratt., 688; Morse on Arb., 363 to 368.

1877.
January Term.

Henley
v.
Menefee.

The case of *Cleveland v. Dixon*, 4 J. J. Marsh, referred to by appellant, is in conflict with numerous other cases. See Morse on Arb., 317, 318, 322, 323, 332, 333, 334, 335; 2 Story Eq. Jur., §1456; *Stevenson v. Walker*, 5 W. Va., 427.

The order recommitting was a proceeding in the ordinary prosecution of the chancery cause, there was no second award. There was a mere correction of a mistake. See Hammond, Judge, in case of *Gas Company v. Wheeling*, 8 W. V., 350.

The order for one partner to pay another a specified amount before partnership is settled is not erroneous. *Bruke v. Parks, et al.*, 5 W. Va., and the pages of Morse on Arb., before cited.

MOORE, JUDGE, delivered the opinion of the Court:.

In a chancery cause pending in the circuit court of Greenbrier county, entitled as above, the parties by written agreement under their hands and seals, made and filed June 18, 1872, did thereby "agree to refer all matters of difference between them involved in said suit to the arbitrament and award of Allen T. Caperton and Samuel Price, and an umpire to be selected by the said Caperton and Price," and "further agree, that the award of said arbitrators and umpire, or of any two of them, shall be made final and entered as the decree of the said court in this suit; *Provided,* That if said award shall not be made on or before the 1st day of October, 1872, this agreement shall become inoperative and void."

Caperton and Price selected as umpire, A. F. Mathews, and an award was made by said Caperton and Mathews, August 6, 1872, in their report of which they state that they "proceeded on the 6th day of August, both parties being present in person, and by counsel, to hear the cause upon the papers and the evidence. And after having mature y considered the same, make the following award according to the terms of the said submission, which is herewith returned, viz :

1st. Upon the point whether the plaintiff was entitled to participate as an equal partner in the work done by him and the defendant on the said road between Alleghany Station and the White Sulphur Springs, or as the defendant contends, only to the extent of one-third interest, we do award and determine that the plaintiff was an equal partner in said business, and entitled to share accordingly in the profits thereof. And we do further award, that settling the partnership accounts between the said parties upon that basis and principle, that the said plaintiff, C. W. Henley, is indebted to the said defendant, T. K. Menefee, in the sum of $59.08, with interest from this date, which is hereby awarded to him. And we do further award, that all assets or profits arising from the said works, or from the work done by the said parties on section sixty-two of Chesapeake and Ohio railroad, consisting of stocks of the said railroad company, a certain tract of land containing sixty-two acres, more or less, near Lewisburg, in Greenbrier county, and all other assets not appearing on the books of said company, shall be held and enjoyed by them in equal proportions, each party being equally liable for any debts due, or yet to become due from the said firm of T. K. Menefee & Co. And upon a full consideration of the whole case, we do further award that the legal costs of this suit be equally borne and paid by each of the parties, including in said costs $25.00 as a fee for the said umpire."

The arbitrator, Price, disagreed to the award, so far as it made "plaintiff and defendant equal partners in the contract between Alleghany Station and the White Sulphur Springs, being inclined to think that the plain tiff had but one-third interest. He also disagreed "to so much as does not give costs against the plaintiff," but agreed to the allowance of $25.00 to the umpire.

The circuit court, on the 12th day of October, 1872, ordered that the parties to the suit be summoned to appear on the first day of the next term of said court, to show cause why the award returned and filed in the cause should not be entered up as the decree of the court.

On the same day, the clerk of said court, issued a summons, directed to the sheriff of said county, to summon said Menefee, to show cause, &c., as directed by the order of the court, and which was executed on the said Menefee, October 28, 1872. On the same day, a notice was served on Menefee from Henley, that he, Henley, would on the first day of the November term of said court, move the court to recommit the award for the purpose of having a mistake, made by the arbitrators therein, corrected, which mistake was in the arbitrators allowing a credit to said Menefee, as stated in said notice, " of about $2,216.66, contrary to their intention, and which they thought they had stricken from Menefee's account of credits, before footing it up."

The arbitrator, Caperton, and umpire, Mathews, made affidavit, October, 15, 1872, stating " that after having decided the question as to the partnership between the said Henley and Menefee, on the work between Alleghany station on the C. & O. R. R., and the White Sulphur Springs station, they stated the accounts between the partners, and in casting up the accounts by a clerical blunder, they failed to deduct from the credits on the books of the concern, an item of $2,216,00, in favor of T. H. Menefee, which was a mistake, and clearly against the intention of the arbitrators." They, therefore, asked that the award be recommitted to them to correct the mistake, as they would have made a different award had the mistake not have been made. The arbitrator, Price, also certified, that he was satisfied the mistake alluded to was made.

The circuit court, on the 7th day of June, 1873, by its decree, after reciting, that the cause came on to be heard that day, upon the bill of complaint, the answer of defendant, the replication thereto, the submission of the matters in difference involved in this suit, the award returned by the arbitrators, the order for a rule against the parties to show cause why the award should not be entered up as the decree of the court, rule thereon re-

1877.
January Term.

Henley
v.
Menefee.

turned executed on defendant, the notice of the complainant to defendant that a motion to recommit said award for correction would be made, the affidavit of the arbitrators, alleging a mistake in writing out their award and requesting that the award might be recommitted to them for the correction of said mistake, and the appearance of parties, by counsel, and upon the motion of the plaintiff to recommit the award to the arbitrators for the correction of said mistake, and was argued by counsel. Upon consideration whereof, the court did adjudge, order and decree, that the award be recommitted to the arbitrators " for the purpose of correcting the mistake stated in the said affidavit of the arbitrators."

Notwithstanding the decree of recommitment is of date, June 7th, the amended award professes to have been made June 6, 1873. I suppose, however, that is a clerical error.

The amended award is signed by the said Caperton and Mathews, and states : " The undersigned arbitrators who heretofore, returned the above award," (meaning the original) " in pursuance of a decree of this court, recommitting the award to us for the purpose of correcting the mistake set forth and referred to in the petition heretofore filed by us, do correct said award, and hereby award that the said plaintiff, Henley, recover from the said defendant, Menefee, the sum of one thousand and forty-eight dollars and ninety-two cents ($1,048.92) with interest thereon from the 6th day of August, 1872."

Arbitrator Price, states in writing, of same date, " I do not agree in the result of the judgment of Messrs. Caperton and Mathews, for reasons assigned in the original award, but believe the mistake complained of exists, and if the principles adopted by them are correct, the foregoing correction ought to be made. I believe that the mistake exists."

The defendant, Menefee, on the 12th day of November, 1873, excepted to the award and amendment thereto, upon the following grounds :

*First.* It is uncertain and not final.

*Second.* It is not in pursuance of the submission, and embraces matters not submitted.

*Third.* It does not settle the partnership, but refers to unsettled liabilities and outstanding debts; yet it awards a large sum to be paid by one partner to the other.

*Fourth.* The first award made was final. The court had no power to recommit, and consequently the correction is a nullity.

*Fifth.* By the terms of the submission, which was an act *in pais,* the authority of the arbitrators ceased on the 1st day of October, 1872; and

*Sixth.* The award is otherwise vague, incomplete, and unauthorized by the submission.

The court, by a decree of November 15, 1873, overruled the exceptions to the award, &c., and confirmed the corrected award, reciting the statements thereof, and adjudged, ordered and decreed, "that the plaintiff, C. W. Henley, recover of the defendant, T. K. Menefee, the sum of $1,048.92, with interest from the 6th day of August, 1872, and that the said parties hold and enjoy in equal proportions, the said tract of land and all other assets belonging to T. K. Menefee, each party being liable for any debts due, or yet to become due, from the said firm of T. K. Menefee & Co., and that each party shall pay his own costs in this suit expended."

The defendant, Menefee, has appealed to this Court from those decrees and orders of the circuit court.

It is objected, first, that the motion to recommit the award, being a matter not in the ordinary prosecution of the case, and one which could not be anticipated, the defendant was entitled, as of right, to notice of the time said motion would be made; and that the notice given to appear at the November term, 1872, was no notice of a motion made at the June term, 1873.

I do not think that objection is of avail. The award was recommitted upon the affidavit of one arbitrator and

the umpire, that they had made a mistake, and requested that it might be recommitted to them for correction; and the other arbitrator who disagreed to the :award, admitted in writing that the mistake had been made. Now, by virtue of the statute, ch. 108, § 3, 4, Code, the submission having been entered of record as a rule of the court, by agreement of the parties, under the first and second sections of said chapter, it became a matter under the full control of the court, and it could have set aside the award for the mistake, but as the mistake was not discovered until after the return of the award, it was the duty of the court before entering it as its judgment, or setting it aside, to recommit it for correction, upon the application of the arbitrators based upon their affidavit, that they had made a mistake, and that too without notice to the parties, because they were presumed to be present in court upon return of the award, and to know the action of the court thereon as they had been served with a rule to show cause why the award should not be entered as the judgment of the court, but if that be not so, and if it is necessary that the parties should have notice of the recommitting for correction of mistake, it is certain Menefee had notice served on him by Henley, of the intention to move for recommittal for correction; and, although the notice was that the motion would be made at the November term, 1872, this court, if there is nothing to show the contrary, will take judicial notice that the June term, 1873, was the first term actually holden after the notice had been served, by virtue of ch. 114, §11, and acts 1872-3, ch. 9, §11, (*Wootten v Bragg*, 1 Gratt., 1,) the notice remained in the same condition and had the same effect as if given, or returnable, or continued to the said June term. But it was proper for the court to recommit for correction upon the request of the arbitrators alone. Morse on Arbitration, p. 317–18, n. 1, 322–3–9, citing *Kline v. Catara*, 2 Gall., 61. Nor does it make any difference that the arbitrators were limited by the terms of the submission

to the 1st day of October, 1872, because the arbitrators had, in fact, made their award before that date, but having made a clear mistake by omitting an item of account, which they intended to have deducted, and were under the impression they had deducted, it was not the making of an award, but the correcting one that had been made within the limited time. But without now deciding the question, as it is not necessary in this case, I am of opinion, that under the statute the court could have enlarged the rule by extending the time, had the arbitrators been unable to have made the award within the time designated by the submission. Code ch. 108, §2.

The exceptions made to the corrected award were insufficient, and were properly overruled.

The first exception was, that the award was uncertain and not final.

That exception itself is insufficient. It should show why the award is not certain and final. The court is not expected to examine for reasons to sustain exceptions to an award, when it appears upon its face to be regular, certain and final. It is the duty of the objector to show wherein the award is not certain and final. This award upon its face shows a complete settlement of the partnership affairs; it appears to have awarded all that the submission demanded, and so far as this record discloses it, embraced all that either of the parties contemplated, or desired the arbitrators should take into consideration, and that the arbitrators returned such award as the evidence warranted, and if not so, the party disputing must show wherein it is not so. Morse on Arb., 362, 363 and 446, 447; *Pollock's adm'r v. Lutherlin* and *Buford v; Pollock's adm'r*, 25 Gratt., 78.

The other exceptions to the award have been virtually considered, and will not be further reviewed.

It is objected that the corrected award was made by but one arbitrator and the umpire. That is true, and was authorized by the submission.

The sixth assignment, is that the arbitrators should have returned and filed with their award, the evidence

upon which they acted, and none being returned, the court must presume they acted without evidence, and should have set aside the award as improperly made. The statute does not require the evidence to be returned, and as laid down in Morse on Arb., 141, (citing *Allen v. Miles*, 4 Harrington, 234) they were "not obliged to report the evidence, or to append copies of documents submitted, even though requested so to do by the parties."

It is objected that the correction made and set forth in the corrected award, does not correspond with the error set out in the affidavit of the arbitrators. There being no evidence before the court to show that the correction is not correct in the amended award, this Court must presume the arbitrators have done their duty, and made the correction upon proper evidence, such at least, seems to be the weight of authority before cited, and that the party attacking must prove the contrary.

It is objected that the final decree is not warranted by the award, because it omits the item of $59.08, and also, because it adjudges to the plaintiff the one-half of all the estate of the defendant, T. K. Menefee. I can hardly believe the appellant was serious in making that assignment of error, it being obvious that the arbitrators did not intend to award $59.08 to Menefee, that in fact it was the result of the mistake made by them in omitting the item they asked to correct the award for, and did correct it by giving to Henley $1,048.92; and it is equally as obvious that the decree in adjudging to the plaintiff one-half of the estate of T. K. Menefee, means T. K. Menefee & Co., it being clearly a clerical error, as will appear by reference to the statement, or citation from the award previously made in the decree, and the decree should be corrected in that respect.

It was not error to award costs. Morse on Arb., 623.

Upon the whole, I am satisfied that the court below did not err in entering the award as the judgment of the court, and that there is no error in the decree complained of. The decree must be corrected in the man-

ner indicated, and as corrected, be affirmed with costs and damages, according to law.

DECREE AFFIRMED.